An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JASPER MICHAEL BRIGHT, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61582



FILED

MAY 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of trafficking in a controlled substance and possession of a controlled substance with intent to sell. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

First, appellant Jasper Bright, Jr. argues that the evidence was insufficient to support his convictions. We disagree and conclude that the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Wilkins v. State*, 96 Nev. 367, 374, 609 P.2d 309, 313 (1980). Testimony at trial established that Bright was found alone in a small weekly rental apartment. The key to the apartment was in Bright's pocket. Inside the apartment, law enforcement discovered over 300 grams of cocaine in a suitcase that Bright identified as his along with pants in his size, paperwork with his name on it, and a digital scale. More cocaine was found on a plate along with razor blades, sandwich bags, and large amounts of cash, which testimony indicated were suggestive of sales. "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses," *McNair v. State*, 108

13·14257

Nev. 53, 56, 825 P.2d. 571, 573 (1992), and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict, *see* NRS 453.337; NRS 453.3385(3); *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Second, Bright argues that the district court abused its discretion by denying his motion for a mistrial because the State claimed in its opening statement that Bright gave a fake name to law enforcement and no witness testified to such at trial. Bright is mistaken. Officer Anton Gorup testified that Bright gave his name as "Michael Harris" to either himself or another officer. Bright did not object and this testimony and was not stricken from the record. We conclude that the district court did not abuse its discretion by denying Bright's request for a mistrial on this ground.[1] *See Rudin*, 120 Nev. at 142-44, 86 P.3d at 586-87 (noting that a defendant's request for a mistrial may be granted where "prejudice occurs that prevents the defendant from receiving a fair trial," and giving deference to a district court's decision whether a mistrial is warranted).

Third, Bright argues that the district court abused its discretion by denying his motion for a mistrial because evidence was presented at trial that was not provided to the defense in violation of discovery orders and *Brady v. Maryland*, 373 U.S. 83 (1963). We review a district court's resolution of a *Brady* claim de novo, *Mazzan v. Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000), and a district court's enforcement of

---

[1]We note that the district court incorrectly used the "manifest necessity" or "manifest injustice" standard when ruling on Bright's multiple motions for mistrials. Nonetheless, we will affirm the district court's rulings if it reached the correct result. *See Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004).

 

discovery orders for an abuse of discretion, *Evans v. State*, 117 Nev. 609, 638, 28 P.3d 498, 518 (2001). Bright contends that the State failed to turn over an administrative subpoena which established that he owned a cell phone found at the scene. Because there is not a reasonable possibility that the verdict would have been different had the evidence been timely turned over, *see Mazzan*, 116 Nev. at 66, 67, 993 P.2d at 36, 37 (summarizing the three components of a *Brady* violation), and Bright failed to demonstrate prejudice or that the State acted in bad faith, *see Evans*, 117 Nev. at 638, 28 P.3d at 518, we conclude that the district court did not abuse its discretion by denying Bright's motion for a mistrial on these grounds. *See Rudin*, 120 Nev. at 142, 86 P.3d at 586.

Fourth, Bright argues that the district court abused its discretion by denying his motion for a mistrial when the arresting police officer stated that a confidential informant identified the defendant.[2] Bright contends that a mistrial was warranted because the statement was hearsay and he was unable to cross-examine the informant in violation of his right to confrontation. The district court concluded that a mistrial was not warranted because Bright opened the door to this testimony by asking questions regarding the confidential informant–even after being cautioned by the district court about doing so–and by asking the question which prompted the officer's response. We agree, and conclude that the district court did not abuse its discretion by denying Bright's request for a

---

[2]To the extent that Bright contends that the district court abused its discretion by denying his request to dismiss the charges against him outright, he fails to support this claim with any relevant authority or cogent argument and therefore we decline to consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

mistrial. *See Rudin*, 120 Nev. at 142, 86 P.3d at 586; *see also United States v. Lopez-Medina*, 596 F.3d 716, 733 (10th Cir. 2010) (noting that "a defendant can open the door to the admission of evidence otherwise barred by the Confrontation Clause," and discussing cases).

Fifth, Bright argues that cumulative error entitles him to relief. Because we have found no error, this claim lacks merit. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Valorie J. Vega, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[3]We note that appellant's fast track statement does not contain adequate citation to the appendix. *See* NRAP 3C(e)(1)(c). We caution appellant's counsel, Kedric A. Bassett, that future failure to comply with the Nevada Rules of Appellate Procedure when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n).